# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:

CTCW-Waterford East LLC,

    Debtor.
_____/

Case No.: 6:22-bk-01989-TPG
CHAPTER 11
SUBCHAPTER V

## CREDITORS' MOTION FOR RELIEF FROM AUTOMATIC STAY

CED CAPITAL HOLDINGS X, LTD. ("CED") and SAS Waterford East Managers, LLC ("SAS" and together with CED, "Creditors"), parties-in-interest and creditors, hereby move this Court pursuant to 11 U.S.C. §§ 105 and 362, and in compliance with Rules 4001, 9013, and 9014 of the *Federal Rules of Bankruptcy Procedure* ("FRBP"), as well as Local Rule 4001-1 and 9013-1, for the entry of an order lifting the automatic stay in this Chapter 11 case in conjunction with a contemporaneously-filed Motion to Remand the Adversary Proceeding ("Motion to Remand").

In addition to this motion and the Motion to Remand, Plaintiffs have also filed a Motion to Dismiss Debtor's Chapter 11 Bankruptcy Petition ("Motion to Dismiss," and together with the instant motion and the Motion to Remand, collectively the "Motions"). If the Court does not grant the Plaintiffs' Motion to Dismiss, Plaintiffs alternatively request that the Court remand the Adversary Proceeding to state court and modify the automatic stay to allow the state court to proceed without further delay. Creditors also request the Court set the Motions together for an omnibus hearing because they relate to the same subject matter and involve the same parties.[1]

---

[1] None of these three Motions fall under the Negative Notice Procedure set by Local Rule 2002-4. *See* U.S. Bankr. Ct. M.D. Fla. Negative Notice List, effective May 2, 2022 (available at http://www.flmb.uscourts.gov/negativenotice/list.pdf?rnd=1).

**I.     BACKGROUND**

Creditors adopt by reference, as if fully set forth herein, the Background recited in the Motion to Dismiss. [*See* ECF 43 at 2-8] Capitalized terms also have the same meaning as those terms used in the Motion to Dismiss. *Id*.

**II.    ARGUMENT**

"The purpose of Chapter 11 reorganization 'is to restructure a business's finances so that it may continue to operate, provide its employees with jobs, pay its creditors, and produce a return for its stockholders.'" *In re Cedar Shore Resort, Inc.*, 235 F.3d 375, 379 (8th Cir. 2000) (quoting H.R. Rep. No. 595 (1975), *reprinted in* 1978 U.S.C.C.A.N. 6179) (emphasis added); *see also In re Double W Enterprises, Inc.*, 240 B.R. 450, 453-54 (Bankr. M.D. Fla. 1999) (same, and noting there must be "an arguable relation between the proposed reorganization and the purposes of Chapter 11." (internal citations omitted)).

The Court is empowered to lift the automatic stay based on its statutory (11 U.S.C. § 362(d)(1)) and inherent authority (11 U.S.C. § 105). Section 362(d)(1) of the Bankruptcy Code provides that,

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; . . .

11 U.S.C. § 362(d)(1); *see also In re All Denominational New Church*, 268 B.R. 536, 538 (B.A.P. 8th Cir. 2001) (noting bankruptcy courts possess "equitable powers to reach an appropriate result in individual cases."). Whether cause exists "must be decided on a case-by-case basis." *In re Murray Indus., Inc.*, 121 B.R. 635, 636-37 (Bankr. M.D. Fla. 1990).

Allowing a matter to proceed to another forum may constitute "cause" to lift the stay. *Id*. (citing *In re Valley Kitchens, Inc.,* 58 B.R. 6 (Bankr. S.D. Ohio 1985); *In re Towner Petroleum Co.*, 48 B.R. 182 (Bankr. W.D. Oka. 1985)). "Whether to grant relief from the stay to allow litigation to continue in another forum is within the sound discretion of the Bankruptcy Court." *Id*. (citing *In re Castlerock Properties,* 781 F.2d 159 (9th Cir. 1986)). "In determining whether to lift the automatic stay, the courts have generally considered the prejudice to the debtor's reorganization efforts, conservation of judicial resources, and prejudice to the movant." *Id*. (citing *In re Holtkamp*, 669 F.2d 505 (7th Cir.1981); *In re UNR Industries, Inc*., 54 B.R. 263 (Bankr. M.D. Ill.1985)).

Where the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed. *See e.g.*, *In re Martin*, 542 B.R. 199, 203 (B.A.P. 6th Cir. 2015) (noting advanced stage of discovery); *In re Murray Indus.*, 121 B.R. at 637 ("This litigation has been proceeding for an extended period of time; to force the Movant to duplicate all of its efforts in the bankruptcy court is both unfair and wasteful."); *In re Kaufman*, 98 B.R. 214, 215 (Bankr.E.D.Pa.1989) (noting advanced stage of the litigation); *In re R.J. Groover Const., L.L.C.*, 411 B.R. 460, 464 (Bankr. S.D. Ga. 2008) (finding cause to lift stay where prepetition litigation pending for almost 3 years and discovery nearly complete); *cf. In re Sonnax Indus.*, 907 F.2d 1280, 1287 (2d Cir.1990) (declining to lift stay in part because "the litigation in state court has not progressed even to the discovery stage."); *In re Collins*, 118 B.R. 35 (Bankr. D. Md. 1990) (same).

Here, cause exists to lift the automatic stay to allow the Waterford Litigation to proceed. First, allowing the state court litigation to continue will both preserve judicial resources and avoid unnecessary prejudice to CED and SAS. The Waterford Litigation is in an advanced stage and it

would be wasteful and judicially inefficient to have this Court assume the litigation at this point in the proceedings. The Debtor filed its Petition *one business day before* the damages trial was set to begin. The case has been pending for three (3) years; discovery is complete; and the Trial Court has substantial and in-depth history with the dispute. As this Court rightfully noted in *In re Murray*:

> [T]o begin this litigation anew in this bankruptcy court would result in more of a hardship to the Movant and would certainly result in a waste of judicial resources. This litigation has been proceeding for an extended period of time; to force the Movant to duplicate all of its efforts in the bankruptcy court is both unfair and wasteful.

121 B.R. at 637.

Second, allowing the Waterford Litigation to continue in the Trial Court will not harm the Debtor or its purported reorganization efforts. The Debtor's intentions by filing the Petition are questionable, at best, and the bankruptcy should be dismissed for the reasons identified in the Motion to Dismiss. *In re Southside Church of Christ of Jacksonville, Inc.*, 572 B.R. 384, 389 (Bankr. M.D. Fla. 2017) ("[t]he filing of a bankruptcy petition in bad faith constitutes 'cause' to lift the stay pursuant to § 362(d)(1)") (citing *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988)). As that analysis shows, there does not appear to be any valid purpose for Debtor to have filed the Chapter 11 Petition; instead, it appears Debtor filed the Petition merely to impose the automatic stay and to delay the imminent damages trial, and/or to forum shop, because it has received unfavorable outcomes in the State Court Action and the Berkshire Litigation to date.

## III. CONCLUSION

For the reasons above, Creditors respectfully request the Court modify the automatic stay to allow the continued prosecution of the State Court Action through final judgment, and that any

awards resulting from the judgment will be handled in the normal course of the bankruptcy administration process.

Dated: June 29, 2022 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*s/ Justin H. Jenkins*

**Tucker H. Byrd**
Florida Bar No.: 381632
**Scottie N. McPherson**
Florida Bar No.: 085137
**Jason Ward Johnson**
Florida Bar No.: 0186538
**BYRD CAMPBELL, P.A.**
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Tel: (407) 392-2285
Fax: (407) 392-2286
TByrd@ByrdCampbell.com
SMcPherson@ByrdCampbell.com
JJohnson@ByrdCampbell.com

and

**David A. Davenport**
(*Admitted Pro Hac Vice*)
**Justin H. Jenkins**
(*Admitted Pro Hac Vice*)
**BC Davenport, LLC**
105 5th Avenue South, Ste. 375
Minneapolis, MN 55401
Tel: 612-445-8010
Fax: 612-455-8011
david@bcdavenport.com
justin@bcdavenport.com

*Attorneys for Creditors CED and SAS*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 29, 2022, a true and correct copy of the foregoing document has been served by electronic mail to all counsel of record.

Dated: June 29, 2022

*s/ Justin H. Jenkins*
**David A. Davenport**
(*Admitted Pro Hac Vice*)
**Justin H. Jenkins**
(*Admitted Pro Hac Vice*)
**BC Davenport, LLC**
105 5th Avenue South, Ste. 375
Minneapolis, MN 55401
Tel: 612-445-8010
Fax: 612-455-8011
david@bcdavenport.com
justin@bcdavenport.com
